**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                                    :
STEPHEN T. TAFARO,                  :  CIVIL ACTION NO. 11-4231 (MLC)
                                    :
     Plaintiff,                     :        O P I N I O N
                                    :
     v.                             :
                                    :
MELANIE MILLER, et al.,             :
                                    :
     Defendants.                    :
_____ :
```

**THE PLAINTIFF**, Stephen T. Tafaro, brings this pro se action under 42 U.S.C. § 1983 ("Section 1983") against the defendants — (1) his former spouse, Melanie Miller, and (2) the State of New Jersey — concerning determinations made by the New Jersey state courts regarding his divorce, custody of his children, and child support payments ("State Court Matter"). (See dkt. entry no. 1, Compl.)[1]  The details of the State Court Matter have been well-documented by the state courts. See Miller v. Tafaro, Nos. A-3709-09T3, A-5461-09T3, 2011 WL 2321303 (N.J. App. Div. May 27, 2011); Miller v. Tafaro, Nos. A-2120-09T3, A-3039-09T3, 2011 WL 43311 (N.J. App. Div. Jan. 7, 2011), certif. denied, 205 N.J. 519 (2011); Miller v. Tafaro, No. A-4469-07T3, 2009 WL 1286825 (N.J. App. Div. May 12, 2009); Tafaro v. Tafaro, No. A-1189-05T1, 2006 WL 2355070 (N.J. App. Div. Aug. 16, 2006); Tafaro v. Tafaro, No. A-4402-04T1, 2006 WL 1911390 (N.J. App. Div. July 13, 2006).

---

[1] Tafaro paid the filing fee. (See dkt. entry no. 1 (noting same).)

**THE STATE OF NEW JERSEY** now moves to dismiss the claims against it.  (See dkt. entry no. 5, Notice of Mot.)  Tafaro opposes the motion.  (See dkt. entry no. 7, Pl. Opp'n.)  The Court will (1) grant the motion, (2) dismiss the claims against the State of New Jersey, and (3) dismiss, sua sponte, the claims against Miller.[2]

**THIS ACTION** concerns a domestic relations matter involving divorce, alimony, child custody, and child support over which the Court lacks jurisdiction.  See Ankenbrandt v. Richards, 504 U.S. 689, 702-04 (1992); Mayercheck v. Judges of Pa. Sup. Ct., 395 Fed.Appx. 839, 842 (3d Cir. 2010), cert. denied, 131 S.Ct. 945 (2011); see also Galtieri v. Kane, No. 03-2994, slip op. at 3 (3d Cir. Mar. 4, 2004) (stating federal court has no jurisdiction

---

[2]  The Court may dismiss, sua sponte, the claims asserted against a nonmovant defendant:

> when the allegations within the complaint "are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion."

DeGrazia v. Fed. Bur. of Investigation, 316 Fed.Appx. 172, 173 (3d Cir. 2009) (quoting Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)); see Smith v. Farnan, No. 10–830, 2011 WL 2119340, at *5 (D.Del. May 27, 2011) (granting motion by two defendants to dismiss claim of fee-paying pro se plaintiff asserted against them, and dismissing claim asserted against nonmomvant defendant, sua sponte, in reliance on Hagans and DeGrazia); see 10-28-08 Order, Dubose v. Walsh, No. 07-45 (D. Del. Oct. 28, 2008) (adopting Report and Recommendation, found at 2008 WL 4426090 (D. Del. Sept. 29, 2008), which applied Hagans in action brought by fee-paying pro se plaintiff).

over domestic relations matter even when complaint is drafted in tort, contract, "or even under the federal constitution").

**TAFARO** is also attempting to avoid the determinations issued in the State Court Matter.  The proper way to do so is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court.  See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).  The Rooker-Feldman doctrine prohibits adjudication where the relief requested would require a federal court to either determine whether a state court's decision is wrong or void that decision, and thus would prevent a state court from enforcing its orders.  See McAllister v. Allegheny Cnty. Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005).  This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate decisions in the State Court Matter.  See White v. Sup. Ct. of N.J., 319 Fed.Appx. 171, 173 (3d Cir. 2009) (affirming district court's dismissal of claim challenging state court decisions in plaintiff's child custody case); Kliesh v. Bucks Cnty. Dom. Rel., No. 04-4714, slip op. at 2 (3d Cir. Oct. 27, 2005) (affirming district court's dismissal of complaint, as "Rooker-Feldman doctrine bars the review of a state court child support order").

**THE COURT** also must abstain from exercising jurisdiction pursuant to the Younger abstention doctrine.  The Court must

3

abstain because (1) aspects of the State Court Matter can be viewed as being ongoing, (2) important state interests are implicated, and (3) Tafaro has an adequate opportunity to raise the claims in state court.  (See dkt. entry no. 9, Pl. Br. at 16-20 (confirming State Court Matter is ongoing).)  See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971); see also DiPietro v. N.J. Fam. Support Payment Ctr., 375 Fed.Appx. 202, 204-05 (3d Cir. 2010) (affirming district court's dismissal of claim concerning child support, as "New Jersey courts are charged with monitoring, enforcing, and modifying child support obligations throughout the duration of a child support order"); Anthony v. Council, 316 F.3d 412, 418-21 (3d Cir. 2003) (concerning action brought by persons subject to state child support orders).

**THE SECTION 1983 CLAIMS** against the State of New Jersey are barred, as "the State of New Jersey . . . enjoy[s] sovereign immunity in federal court" and "the State of New Jersey . . . is [not] a 'person' under 42 U.S.C. § 1983".  Hussein v. New Jersey, 403 Fed.Appx. 712, 715 (3d Cir. 2010) (affirming district court's dismissal of claim seeking damages under Section 1983 against State of New Jersey); see Thorpe v. New Jersey, 246 Fed.Appx. 86, 86-87 (3d Cir. 2007) (affirming district court's dismissal of complaint pursuant to Eleventh Amendment immunity, where plaintiff

4

asserted State of New Jersey violated Section 1983 by depriving him of custody of children).  Any claims under Section 1983 that may be construed to be against Miller are also barred, as Miller is not a state actor.  See Boyd v. Pearson, 346 Fed.Appx. 814, 816 (3d Cir. 2009) (affirming district court's dismissal of complaint where defendant was not state actor).  Section 1983 does not cover merely private conduct, no matter how wrongful.  St. Croix v. Etenad, 183 Fed.Appx. 230, 231 (3d Cir. 2006).

**TAFARO** asserts that the claims against the State of New Jersey may be construed to be against the judges involved in the State Court Matter.  (Pl. Opp'n at 12.)  But such claims would be barred by the doctrine of judicial immunity.  Judges cannot be held civilly liable for their judicial acts, even when those acts are in excess of their jurisdiction and alleged to have been done maliciously or corruptly.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000); see also Dongon v. Banar, 363 Fed.Appx. 153, 155 (3d Cir. 2010) (affirming district court's dismissal of claim against New Jersey state judges involved in plaintiff's child support case); White, 319 Fed.Appx. at 173 (affirming district court's dismissal of claim asserted against New Jersey state judges involved in plaintiff's child custody case).

**TO THE EXTENT** that Tafaro asserts any discernible claims concerning a conspiracy to deprive him of federal rights, such

allegations appear to be based on mere speculation and thus are without merit. See Gera v. Pennsylvania, 256 Fed.Appx. 563, 565-66 (3d Cir. 2007).[3]

**THE COURT** thus intends to dismiss the entire Complaint. The Court will issue an appropriate order and judgment.[4]

s/ Mary L. Cooper<br>
**MARY L. COOPER**<br>
United States District Judge

**Dated:** December 6, 2011

---

[3] The claims against Miller also may be barred by the doctrines of res judicata and collateral estoppel.

[4] The plaintiff cross-moved for miscellaneous relief. (See dkt. entry no. 9, Notice of Cross Mot., Pl. Br., & Pl. Appendix.) As the entire Complaint will be dismissed, the Court will deny the cross motion as moot.